

Sean D. Garrison (#014436)
SGarrison@LRLaw.com
W. Brent Rasmussen (#028033)
BRasmussen@LRLaw.com
**LEWIS AND ROCA LLP**
40 N. Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311
Facsimile: (602) 262-5747

*Attorneys for Defendant
Azbil BioVigilant, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| TSI, Incorporated, a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Azbil BioVigilant, Inc., a Delaware corporation,<br><br>Defendant. | Case No. 2:12-cv-00083-DGC<br><br>**DEFENDANT AZBIL BIOVIGILANT, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Azbil BioVigilant, Inc. ("BioVigilant") hereby moves to dismiss Plaintiff TSI, Incorporated's ("TSI") claims for indirect infringement (*i.e.*, inducement and contributory infringement under 35 U.S.C. § 271(b) and (c)) because TSI's Complaint fails to state these claims in a manner upon which relief can be granted. This motion is supported by the following memorandum of points and authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

TSI's Complaint alleges that BioVigilant infringes U.S. Patent No. 6,831,279 ("the '279 Patent") under, *inter alia*, theories of inducement of infringement and contributory infringement. The sole support for TSI's allegations is that BioVigilant is "actively inducing others to infringe, and/or contributing to the infringement of the '279 patent." (ECF No. 1, ¶ 21). Such conclusory allegations fall far short of the pleading standards articulated by the Supreme Court in *Bell Atl.*



*Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Under *Twombly* and *Iqbal*, a complaint must be dismissed if the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Here, TSI's Complaint is completely devoid of the essential elements and factual allegations that are required for pleading indirect infringement. For example, TSI's induced infringement allegation does not identify any actual third party that directly infringes the '279 Patent, or how such party allegedly infringes. Likewise, TSI fails to allege that BioVigilant knew about the '279 Patent at the time of the alleged inducement, and that BioVigilant intended to induce such alleged infringement. These allegations must be plead in order to survive dismissal of an inducement claim. *Halton Co. v. Streivor, Inc.*, No. C 10-0065 WHA, 2010 U.S. Dist. LEXIS 50649, at *5-6 (N.D. Cal. May 21, 2010) (dismissing inducement claim because (1) "no entity other than defendant has been accused of directly infringing the '421 patent", and (2) there was no mention of any "specific intent" to encourage another's infringement). As discussed below, TSI's contributory infringement claim fares no better because TSI also fails to plead the essential elements and factual allegations that are required for contributory infringement.

In sum, TSI has failed to state plausible causes of action for inducement and contributory infringement of the '279 Patent, as required by the Supreme Court in *Twombly* and *Iqbal*. Thus, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Supreme Court precedent, BioVigilant respectfully requests that the Court dismiss TSI's inducement and contributory infringement claims.

II.  **STATEMENT OF RELEVANT FACTS**

TSI's Complaint alleges that BioVigilant's IMD-A series of biological particle detection systems infringe the '279 Patent, both by direct infringement and indirect infringement. (ECF No. 1, ¶ 21). Indirect infringement, as discussed below, may occur where the accused infringer

2



causes a third party to infringe (induced infringement) or where the accused infringer provides a portion of the claimed invention to a third party (contributory infringement). TSI's sole "support" for its allegations of inducement and contributory infringement is as follows:

> 22. Accordingly, on information and belief, BioVigilant has infringed and is directly infringing, **actively inducing others to infringe, and/or contributing to the infringement of the '279 patent** by making, using, importing into the United States, offering to sell, and/or selling biological particle detection systems, including, for example, the IMD-A series (such as the IMD-A 200-1; IMD-A 200-4; IMD-A 300; and IMD-A 350), in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271.

(*Id.* at ¶ 22) (emphasis added). As discussed below, this allegation is devoid of the essential elements for pleading inducement and contributory infringement and does not include any specific facts to support the legal conclusions contained therein.

### III.   RELEVANT LEGAL STANDARDS

*Twombly* and *Iqbal* provide the pleading standard for all civil actions, including allegations of induced and contributory patent infringement. *Discflo Corp. v. Am. Process Equip., Inc.*, Case No. 11cv00476 BTM (RBB), 2011 U.S. Dist. LEXIS 149424 (S.D. Cal. Dec. 29, 2011); *DR Sys., Inc. v. Avreo, Inc.*, Case No. 11-cv-0932 BEN (WVG), 2011 U.S. Dist. LEXIS 117646 (S.D. Cal. Oct. 12, 2011); *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 U.S. Dist. LEXIS 102237 (N.D. Cal. Sept. 12, 2011). Under *Twombly* and *Iqbal*, a complaint must be dismissed if it contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct at 1949.

Citing to these Supreme Court cases, this Court has held that conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim. *Quain v. Capstar*, No. CV-09-2365-PHX-DGC, 2010 U.S. Dist. LEXIS 110857, at *2 (D. Ariz. Oct. 18, 2010), *aff'd*, No. 10-17508, 2011 U.S. App. LEXIS 20555 (9th Cir. Sept. 27. 2011). Thus, "[t]o avoid a Rule 12(b)(6) dismissal, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly, 550 U.S.* at *570*); *Taylor v. U.S.*, No. CV-09-2393-PHX-DGC, 2010 U.S. Dist. LEXIS 26319, at *2 (D. Ariz. Feb. 26, 2010). "'This plausibility



standard requires sufficient factual allegations to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Quain,* 2010 U.S. Dist. LEXIS 110857, at *2 (quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)); *Taylor*, 2010 U.S. Dist. LEXIS 26319, at *2-3.

IV. **ARGUMENT**

   A. **TSI's Complaint Fails to State a Claim Upon Which Relief Can Be Granted for Induced Infringement**

In order to adequately plead a claim for inducement of infringement under 35 U.S.C. § 271(b), TSI must allege sufficient facts showing:

(1) **Direct infringement** by some third party. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993);

(2) BioVigilant's **knowledge** of the '279 Patent at the time of inducement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006); and

(3) That BioVigilant possessed the specific **intent** to induce infringement (*i.e.* that it actively and knowingly aided and abetted the third party's direct infringement). *Id.*

TSI's Complaint does not state a claim upon which relief can be granted because TSI has failed to plead any facts that address these three requirements.

As to the first requirement, TSI's Complaint merely alleges in conclusory fashion that "BioVigilant . . . is . . . actively inducing **others** to infringe . . . the '279 patent . . . ." (ECF No. 1, ¶ 22) (emphasis added). TSI has not identified **who** these "other" alleged direct infringers are, or the allegedly infringing acts of these unidentified "others." Courts routinely dismiss claims for induced infringement where these details are lacking. *Cf. Discflo Corp.*, 2011 U.S. Dist. LEXIS 149424, at *3 (dismissing claims of inducement and contributory infringement even though the complaint identified purchasers of the accused products as direct infringers).

Likewise, TSI's Complaint fails to meet the second and third pleading requirements for inducement. Indeed, TSI's Complaint does not even allege that BioVigilant **knew** about the '279 Patent at the time of the alleged inducement, or that TSI had the requisite **intent** to induce



infringement. Instead, TSI sets forth conclusory allegations of inducement that are completely devoid of any factual allegations regarding knowledge and intent. (ECF No. 1, ¶ 22).

Simply put, TSI has not stated a plausible claim to relief for inducement of infringement, as required by this Court and the Supreme Court precedent. As such, TSI's inducement of infringement claim should be dismissed.

### B.  TSI's Complaint Also Fails to State a Claim Upon Which Relief Can Be Granted for Contributory Infringement

In order to plead a claim for contributory infringement under 35 U.S.C. § 271(c), TSI must allege sufficient facts showing:

(1) That a third party used BioVigilant's accused biological detection systems "to commit acts of *direct infringement*";

(2) That BioVigilant's accused biological detection systems "constitute[] 'a *material part* of [TSI's purported] invention'";

(3) That BioVigilant *knew* that its accused biological particle detection systems were especially made or adapted for use to infringe the '279 Patent; and

(4) That BioVigilant's accused biological particle detection systems are "not a *staple article* or commodity of commerce suitable for substantial *noninfringing use*." *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1376 (Fed. Cir. 2011) (quoting 35 U.S.C. § 271(c)).

Like its inducement allegations, TSI has failed to plead these four elements, and its Complaint is devoid any of factual support for TSI's allegation of contributory infringement.

As to the first requirement, TSI has not identified the "other" alleged direct infringers, nor has TSI identified their allegedly infringing acts. (ECF No. 1, ¶ 22). And, TSI has not plead *any* of the remaining three elements of contributory infringement *at all*. In this regard, TSI simply alleges in conclusory fashion that BioVigilant is "contributing to the infringement of the '279 patent . . . ." (*Id.*). Again, this bare-bones allegation does not rise to the level of a "plausible claim" of contributory infringement under the requirements of *Iqbal* and *Twombly*. As such, TSI's contributory infringement claim should also be dismissed. *See, e.g., Discflo*



1  *Corp.*, 2011 2011 U.S. Dist. LEXIS 149424, at *3-4; *DR Sys.,* 2011 U.S. Dist. LEXIS 117646, at

2  *5-6 (dismissing both contributory and inducement infringement claims).

3  **V.     CONCLUSION**

4      In summary, TSI's Complaint sets forth indirect infringement claims that are completely

5  conclusory, fail to plead the essential elements of these claims, and are totally devoid of any

6  factual support.  Such claims fall far short of the pleading requirements set forth in *Twombly* and

7  *Iqbal* and as recognized by this Court.  For these reasons, BioVigilant respectfully requests that

8  the Court dismiss all of TSI's indirect infringement claims against BioVigilant.

10  Respectfully submitted this 17th day of February 2012.

11                                                                   LEWIS AND ROCA LLP

12                                                                   By */s/ Sean D. Garrison*

13                                                                    Sean D. Garrison
                                                                  W. Brent Rasmussen
14                                                                    *Attorneys for Defendant
                                                                  Azbil BioVigilant, Inc.*

**DEFENDANT AZBIL BIOVIGILANT, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2012, I electronically transmitted the foregoing document entitled **DEFENDANT AZBIL BIOVIGILANT, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** to the Clerk's Office using the CM/ECF system, for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ahron David Cohen
Snell & Wilmer L.L.P.
Email: acohen@swlaw.com

Andrew Foster Halaby
Snell & Wilmer L.L.P.
Email: ahalaby@swlaw.com

David JF Gross
Faegre Baker & Daniels LLP
Email: david.gross@FaegreBD.com

Kenneth Arthur Liebman
Faegre Baker & Daniels LLP
Email: ken.liebman@FaegreBD.com

Timothy E Grimsrud
Faegre Baker & Daniels
Email: tim.grimsrud@FaegreBD.com

By: /s/ Carole Hanger