1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF ARIZONA**

8

9    *TSI, Incorporated, a Minnesota*                    *Civil No. 12-CV-00083-DGC*

10   *corporation,*

11                          *Plaintiff,*                      ***EXHIBIT A:***

12                                                   ***[PROPOSED] ORDER***
                                                        ***REGARDING***
13                                                      ***E-DISCOVERY***

14

15   vs.

16   Azbil BioVigilant, Inc., a Delaware
     corporation,
17

18                          Defendant.

19

20

         The Court hereby ORDERS as follows:
21

22   1.     This Order supplements all other discovery rules and orders, and supersedes

23   section F (entitled "Search of E-Mails") of the "Stipulated Electronic Discovery Protocol"

24   (ECF No. 34-1, Ex. A) previously agreed to by the parties.  It streamlines Electronically

25   Stored Information ("ESI") production, including, in particular, production of e-mails, to

26   promote a "just, speedy, and inexpensive determination" of this action, as required by

27   Federal Rule of Civil Procedure 1.

28

522800.1

1    2.      Costs will be shifted for disproportionate ESI production requests pursuant to

2    Federal Rule of Civil Procedure 26.  Likewise, a party's nonresponsive or dilatory

3    discovery tactics will be cost-shifting considerations.

4    3.      A party's meaningful compliance with this Order and efforts to promote efficiency

5    and reduce costs will be considered in cost-shifting determinations.

6    4.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45

7    shall not include metadata absent a showing of good cause. However, fields showing the

8    date and time that the document was sent and received, as well as the complete

9    distribution list, shall generally be included in the production.

10   5.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45

11   shall not include email or other forms of electronic correspondence (collectively "email").

12   To obtain email parties must propound specific email production requests.

13   6.      Email production requests shall only be propounded for specific issues, rather than

14   general discovery of a product or business.

15   7.      Email production requests shall be phased to occur after a protective order is

16   entered by the Court and the parties have exchanged basic documentation about the

17   patents, the prior art, the accused instrumentalities, and the relevant finances.  While this

18   provision does not require the production of such information, the Court encourages

19   prompt and early production of this information to promote efficient and economical

20   streamlining of the case.

21   8.      Email production requests shall identify the custodian, search terms, and time

22   frame.  The parties shall cooperate and work in good faith to identify the proper

23   custodians, proper search terms and proper timeframe by November 15, 2012.  The parties

24   may jointly agree to reasonable modifications of this deadline without the Court's leave.

25   9.      Each requesting party shall limit its email production requests to a total of ten

26   custodians per producing party for all such requests. The parties may jointly agree to

27   modify this limit without the Court's leave.  The Court shall consider contested requests

28

- 2 -

522800.1

1    for up to five additional custodians per producing party, upon showing a distinct need

2    based on the size, complexity, and issues of this specific case.  Should a party serve email

3    production requests for additional custodians beyond the limits agreed to by the parties or

4    granted by the Court pursuant to this paragraph, the requesting party shall bear all

5    reasonable costs caused by such additional discovery.

6    10.      Each requesting party shall limit its email production requests to a total of ten

7    search terms per custodian per party. The parties may jointly agree to modify this limit

8    without the Court's leave.  The Court shall consider contested requests for up to five

9    additional search terms per custodian, upon showing a distinct need based on the size,

10    complexity, and issues of this specific case.  The search terms shall be narrowly tailored

11    to particular issues.  Indiscriminate terms, such as the producing company's name or its

12    product name, are inappropriate unless combined with narrowing search criteria that

13    sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple

14    words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a

15    single search term.  A disjunctive combination of multiple words or phrases (*e.g.*,

16    "computer" or "system") broadens the search, and thus each word or phrase shall count as

17    a separate search term unless they are variants of the same word.  Use of narrowing search

18    criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be

19    considered when determining whether to shift costs for disproportionate discovery.

20    Should a party serve email production requests with search terms beyond the limits agreed

21    to by the parties or granted by the Court pursuant to this paragraph, the requesting party

22    shall bear all reasonable costs caused by such additional discovery.

23    11.      Subject to their objections, the parties shall complete production of emails that are

24    responsive to the search terms for the identified custodians by February 15, 2012.  The

25    parties may jointly agree to reasonable modifications of these production deadlines

26    without the Court's leave.

27

28

- 3 -

522800.1

1    12.    The receiving party shall not use ESI that the producing party asserts is attorney-

2    client privileged or work product protected to challenge the privilege or protection.

3    13.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a

4    privileged or work product protected ESI is not a waiver in the pending case or in any

5    other federal or state proceeding.

6    14.    The mere production of ESI in a litigation as part of a mass production shall not

7    itself constitute a waiver for any purpose.
     15813510

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

522800.1