**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TSI Incorporated,<br><br>      Plaintiff,<br><br>v.<br><br>Azbil BioVigilant Incorporated,<br><br>      Defendant. | No. CV-12-00083-PHX-DGC<br><br>**ORDER** |

**I. Motions for Leave to File DVD.**

TSI has filed two motions for leave to file a DVD (Docs. 187, 206). Both DVDs contain video footage that is relevant to this case. The Court will grant both motions.

**II. Motion to Strike.**

TSI has moved to strike exhibits attached to BioVigilant's reply brief in support of its motion for summary judgment. (Doc. 198). The motion is fully briefed and no party has requested oral argument. The Court will deny the motion.

A party moving for summary judgment may not introduce new facts or exhibits in its reply. *See Parker v. Arizona*, No. CV 08-656-TUC-AWT, 2013 WL 3286414, at *8 (D. Ariz. June 28, 2013) ("District courts in Arizona have uniformly held that the Local Rules of Civil Procedure do not permit a party moving for summary judgment to file a supplemental statement of facts or attached exhibits with its reply.") (citations omitted). Although a party may object to facts introduced by the non-moving party in its opposition, the reply "*may not introduce new facts or evidence.*" *EEOC v. Swissport*

*Fueling, Inc.*, 916 F. Supp. 2d 1005, 1016 (D. Ariz. Jan 7, 2013) (citation omitted) (emphasis in original).

TSI argues that BioVigilant violated the local rules by introducing 11 new exhibits in its reply and making new arguments relating to the 11 new exhibits. Doc. 198 at 3. TSI asserts that it would be prejudiced if the new evidence or arguments were considered because it has not been given an opportunity to address them. *Id*. TSI insists that BioVigilant has engaged in a strategy of "lying in the weeds" by "strategically withhold[ing] evidence that contradicts its arguments from its opening papers, wait[ing] to see if [TSI] responds by citing that contradictory evidence, and then, with its reply, rais[ing] arguments and evidence regarding that contradictory evidence so as to prevent [TSI] from having an opportunity to reply." Doc. 218 at 6. BioVigilant rejoins that it merely attached the exhibits to "rebut or controvert arguments raised in TSI's voluminous opposition" and that this practice is permitted in the District of Arizona. Doc. 211 at 3; *Saguaro Med. Assocs., P.C. v. Banner Health*, No. CV-08-1386 PHX-DGC, 2009 U.S. Dist. LEXIS 103432, at *23-24 n.9 (D. Ariz. Nov. 6, 2009) (noting that a declaration submitted for the first time in the reply was permitted because it was "rebuttal evidence" that responded to allegations made in the opposition).

While a party may not file "new" evidence with a reply, it may file "rebuttal" evidence to contravene arguments first raised by the non-moving party in its opposition. *E.E.O.C. v. Creative Networks, LLC*, No. CV-05-3032-PHX-SMM, 2008 WL 5225807, at *2 (D. Ariz. Dec. 15, 2008). After examining the challenged exhibits, the Court concludes that they constitute rebuttal evidence, not new evidence. TSI makes much of the fact that BioVigilant possessed all 11 exhibits at the time it originally filed its motion for summary judgment and that it could have included these exhibits with its motion. District of Arizona precedent is clear, however, that it is immaterial that BioVigilant already had this evidence in its possession at the time it filed is motion for summary judgment, so long as it is rebuttal evidence. *Id*. The Court will therefore deny TSI's motion.

### III. Motions to Seal.

Pursuant to the Court's February 3, 2014 order (Doc. 200), the parties have filed two motions to seal. Docs. 201, 212. The Court will address both motions below.

#### A. Legal Standard.

Two standards generally govern requests to seal documents. "First, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 (9th Cir. 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178) (alteration and internal citations omitted).

The second standard applies to discovery materials. "'Private materials unearthed during discovery' are not part of the judicial record." *Id*. (quoting *Kamakana*, 447 F.3d at 1189) (alteration omitted). The "good cause" standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies to this category of documents. *See id.*; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). This standard also applies to documents attached to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *see Pintos*, 504 F.3d at 802.

Documents attached to dispositive motions are governed by the compelling reasons standard. *See San Jose Mercury News*, 187 F.3d at 1102; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). This standard applies because the resolution of a dispute on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (citation omitted).

#### B. Analysis.

The Court will grant in part and deny in part the parties' joint stipulation to file under seal (Doc. 201). The parties have stipulated that all of the documents listed in

1 subpart (a) through (q) under heading I.A. have been designated as "Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order (Doc. 76). *Id.* at 4-5. This assertion, coupled with TSI's stipulation, satisfies the requirements for sealing documents set forth in Local Rule of Civil Procedure 5.6(d), but it does not satisfy the "compelling reasons" standard set forth in *Pintos*. The parties also assert that the documents listed in subparts (a)-(f), (h)-(j), (l)-(n), and (p)-(q) contain EAR controlled[1] information. The Court finds this to be a compelling reason to justify sealing these documents. Because the parties have not identified a compelling reason to seal documents listed in subparts (g), (k), and (o), the Court will deny the motion as to these three documents.

The parties have also stipulated that the documents listed from subpart (a) through (aaa) under heading I.B. have been designated as "Confidential—Attorneys' Eyes Only" pursuant to the protective order. *Id.* at 5-9. This stipulation satisfies the requirements for sealing documents set forth in Rule 5.6(d), but it fails on its own to satisfy the "compelling reasons" standard set forth in *Pintos*. The parties assert that the documents listed in subparts (a)-(n), (r)-(s), (u)-(x), (dd)-(ee), (ii)-(ll), (nn)-(ss), (vv)-(xx), (zz)-(aaa) contain EAR controlled information. *Id.* at 9. The Court finds this to be a compelling reason to justify sealing these documents. Because the parties have not identified a compelling reason to seal documents listed in subparts (o)-(q), (t), (y)-(cc), (ff)-(hh), (mm), (tt)-(uu), (yy) the Court will deny the motion as to these 16 documents.[2]

The parties have also stipulated that the documents listed from subpart (a) through subpart (d) under heading II.A have been designated as "Confidential—Attorneys' Eyes

---

[1] The Export Administration Regulations ("EAR") apply to documents marked "Ear Notice" or otherwise EAR controlled. These documents contain information which the designating party has identified as falling under the scope of the EAR, 15 C.F.R. §§ 730-74, and must be controlled accordingly. Transfer of EAR controlled documents (in whole or in part) or the information contained in them to any person who is not a U.S. citizen, a lawful permanent resident of the United States, or a protected individual under U.S. laws is generally not permitted.

[2] The documents listed at subparts (a) and (n) are not lodged on the docket. Therefore, they also cannot be sealed at this time.

- 4 -

Only" pursuant to the protective order. *Id*. at 9-10. The parties assert that all of these documents contain EAR controlled information. *Id*. The Court finds this to be a compelling reason to justify sealing these documents.[3]

The parties have also stipulated that the documents listed from subpart (a) through (e) under heading II.B have been designated as "Confidential—Attorneys' Eyes Only" pursuant to the protective order and that they are each contain EAR controlled. *Id*. at 11. The fact that all of these documents contain EAR controlled information is a compelling reason to justify sealing the documents.[4]

The parties have requested that the Court seal their unredacted briefs and respective statements of fact submitted pursuant to BioVigilant's motion for summary judgment (Doc. 170). Doc. 201. The parties have not, however, demonstrated a compelling reason why their briefs or statements of fact should be sealed in their entirety. Although it may be true that portions of the documents contain ITAR[5] and EAR controlled information, that fact is not a compelling reason to seal the documents in their entirety. The Court will grant the motions to seal the unredacted briefs and statements of fact, but will require the parties to redact sensitive information from their briefs and additional statements of fact and file the redacted briefs and statements of fact in the public record.[6]

The Court will grant in part and deny in part BioVigilant's motion to file

---

[3] The documents listed at subparts (a) and (c) are not lodged on the docket. Therefore, they cannot be sealed at this time.

[4] The documents listed at subparts (b), (d), and (e) are not lodged on the docket. Therefore, they cannot be sealed at this time.

[5] The International Traffic in Arms Regulations ("ITAR") apply to documents marked "ITAR Notice" or otherwise ITAR controlled. These documents contain information which the designating party has identified as falling under the scope of the ITAR, 22 C.F.R. §§ 120-30, and must be controlled accordingly. Transfer of ITAR controlled documents (in whole or in part) or the information contained in them to any person who is not a U.S. citizen, a lawful permanent resident of the United States, or a protected individual under U.S. laws is generally not permitted.

[6] The parties should coordinate their filing of the redacted motions, briefs, and statements of fact so that they appear in order in the public record and minimize confusion for those viewing the public record.

1  documents under seal (Doc. 212), but with directions to file additional documents in the
2  public record.  BioVigilant asserts that the documents listed from subpart (a) to subpart
3  (g) "contain, include, quote from, summarize, constitute, or otherwise disclose materials"
4  that it has previously designated as 'Confidential—Attorneys' Eyes Only." *Id*. at 3.
5  Local Rule of Civil Procedure 5.6(d) requires more than a prior designation of
6  confidentiality to justify sealing documents.  Therefore, the Court will not seal the
7  documents on this basis.  In addition, BioVigilant asserts that the documents listed from
8  subpart a to subpart g contain trade secrets or other confidential and proprietary research
9  or commercial information.  *Id*. at 4.  BioVigilant has not, however, made any showing to
10 substantiate this assertion.  Therefore, the Court will not seal the documents on this basis.
11 BioVigilant has also asserted that the documents listed from subpart a to subpart g
12 contain, include, quote from, summarize, constitute, or otherwise disclose EAR
13 controlled materials.  *Id*. at 3.  The Court will seal the documents on this basis.[7]

14 The Court will grant BioVigilant's motion as to its reply brief and additional
15 statement of facts, but, as explained above, will require BioVigilant to redact sensitive
16 information from the reply and statement of facts and file the redacted brief and statement
17 of facts in the public record.

18 BioVigilant has also requested that the Court enter an order (1) permitting
19 BioVigilant to file sealed documents pursuant to the protective order and (2) restricting
20 access to sealed documents pursuant to the protective order.  The Court will not enter a
21 separate order authorizing BioVigilant to file sealed documents because BioVigilant may
22 do so under this order.  Nor will the Court enter an order sealing documents in the
23 manner BioVigilant requests.  In this district, documents can be sealed in one of two
24 ways: they can be sealed so that only court employees – but not the opposing party or the
25 public – can access the sealed documents, or they can be sealed so that only court
26 employees and the opposing party – but not the public – can access the sealed documents.

---

[7] The document listed at subpart (f) is not lodged on the docket.  Therefore, it cannot be sealed at this time.

There is no method for the Court to designate which court employees can or cannot access sealed documents, but all paid employees of the district are U.S. Citizens, and only paid employees can access sealed documents.

**IT IS ORDERED:**

1. TSI's motions for leave to file a DVD (Docs. 187, 206) are **granted**.
2. TSI's motion to strike exhibits attached to BioVigilant's reply brief in support of its motion for summary judgment (Doc. 198) is **denied**.
3. The parties' joint stipulation to file documents under seal (Doc. 201) is **granted in part** and **denied in part** as set forth above.  The Clerk is directed to accept for filing under seal the documents lodged at Docs. 202, 203, 204, 205, 207, 208, 209, 210.
4. BioVigilant's motion to file documents under seal (Doc. 212) is **granted in part** and **denied in part** as set forth above.  The Clerk is directed to accept for filing under seal the documents lodged at Docs. 213, 214, 215.

Dated this 5th day of March, 2014.

_____
David G. Campbell
United States District Judge